COMBAT, INC., Northeast Combat, Inc., Kathryn B. Wing, Joan McNamara, Geraldine Brown, and John Supranovich

v.

MAINE MILK COMMISSION et al.

Supreme Judicial Court of Maine.

Aug. 24, 1977.

Dunlap, Wood & O'Brien by Mark E. Dunlap, Sunenblick, Fontaine & Reben by Howard T. Reben, Portland, for plaintiffs.

Donald G. Alexander, Deputy Atty. Gen., Augusta, for Maine Milk Commission.

Murray, Plumb & Murray by John C. Lightbody, Portland, for Maine Milk Dealers Assoc.

Lipman, Parks, Livingston & Lipman by Sumner H. Lipman, Augusta, for Yankee Milk Inc.

Before DUFRESNE, C. J., and POMEROY, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

After duly complying with all requirements of notice, the Maine Milk Commission conducted hearings on February 2 and 3, 1976, regarding proposed changes in minimum milk prices. The Commission incorporated in its record of the February hearings the record of nine days of hearings it had held during the fall of 1975 which had resulted in the issuance of Commission Order 76–1, effective January 1, 1976. On February 4, 1976, on the basis of evidence derived from both hearings, the Commission issued Order 76–2, effective February 9, 1977.

Plaintiffs-appellants, four individual citizens and two organizations representing consumers, brought an action in Superior Court to enjoin Order 76–2 as invalid, alleging they felt themselves aggrieved by the order within the meaning of subsection 7 of section 2954 of Title 7. They brought their action as a Rule 80B appeal from the schedule of minimum prices established in Order 76–2 and from the Commission's findings and conclusions supporting it. The plaintiffs had not made any appearance or communicated their views to the Commission either orally or in writing at either of the hearings or in any other Commission proceeding incident to issuance of either Order 76–1 or Order 76–2. Both the Commission's orders were appealed by Cumberland Farms Northern and other participants in the administrative proceedings. Their appeals resulted in judgments in the Superior Court that we have recently affirmed. *Cumberland Farms Northern, Inc. v. Maine Milk Commission,* 377 A.2d 84 (1977).

After a pretrial conference concerning plaintiffs' appeal, the Superior Court dismissed the complaint on the ground that plaintiffs lacked standing because they took no part in the administrative proceeding the result of which they sought to attack on

appeal. Plaintiffs have appealed that decision.

The appellants' complaint in Superior Court was closely similar to that of the plaintiff in *Cumberland Farms Northern, Inc. v. Maine Milk Commission,* cited above. In both complaints the validity of Commission Order 76–2 was attacked on substantially the same grounds. Both complaints sought injunctive relief—though for protection of different interests, of course. Although the presiding justice denied the injunction to Cumberland Farms Northern and we declined to review his ruling on the ground that it was unnecessary to do so, the effect of our *Cumberland Farms Northern* decision is to give the same relief as would have been afforded by a contemporaneous injunction.

We consider that all issues the appellants wished to present in their 80B appeal have been resolved by our decision in *Cumberland Farms Northern* and that they have obtained, by virtue of our resolution of that controversy, all the relief they sought. We regard their 80B appeal as mooted by these developments. It has become unnecessary to decide the question of their standing in this case, and we intimate no opinion with respect to it.

The entry is:

Appeal dismissed.

All Justices concurring.

WERNICK, J., did not sit.